UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS E. BOYER, | : | CIVIL NO: 1:17-CV-00656 |
| | : | |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| HARRISBURG POLICE | : | |
| DEPARTMENT, *et al.*, | : | |
| | : | |
| Defendants | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

On May 25, 2017, this Court granted *pro se* plaintiff, Thomas E. Boyer
("Boyer"), leave to file an amended complaint within 28 days. *Doc.* 7. After
screening the amended complaint, we conclude that Boyer has failed to state a
claim upon which relief may be granted. Therefore, we will recommend that the
action be dismissed.

## II. Factual Background and Procedural History.

### A. Boyer's Initial Complaint.

In April of 2017, Boyer initiated this action by filing a complaint and a
motion for leave to proceed *in forma pauperis*, which was granted on May 25,

2017.  Boyer filed his initial complaint pursuant to 42 U.S.C. § 1983, naming the

following defendants: (1) Harrisburg Police Department ("HPD"); (2) Sergeant

Kyle Gautsch ("Gautsch"); and (3) Jarrett J. Ferrari ("Ferrari").  Boyer alleged that

on May 17, 2016, both Gautsch and Ferrari engaged in deceitful conduct towards

him during an interrogation.[1]  He claimed that Gautsch and Ferrari intimidated and

coerced him such that his confession was made under duress.  Further, Boyer

alleged that Gautsch and Ferrari intentionally inflicted emotional distress onto him.

    Boyer stated that the defendants failed to follow "obvious and apparent leads

which implicated other individuals" and that they used "questionable forensic

conclusions" to prosecute him.  *Doc. 1* at 4, 5.  He alleged that his prosecution was

completed without regard to the warning signs that the end result was unjust and

not supported by the facts of investigation.  Boyer claimed that Gautsch and Ferrari

created evidence and untrue theories in order to make him the lead suspect.

Pertaining specifically to Ferrari, Boyer alleged that Ferrari failed to investigate the

---

[1] While Boyer does not explicitly state why he was being questioned, it appears
that the interrogation was in connection with the death of Boyer's acquaintance.
Further, we take judicial notice of the docket sheets in *Commonwealth v. Boyer*,
No. CP-22-CR-0003791-2016, available through the Pennsylvania's Unified
Judicial System of Pennsylvania web portal at http://ujsportal.pacourts (last visited
July 5, 2017).  According to the docket sheets, Boyer was arrested on May 17,
2016, by Ferrari and charged with Criminal Homicide, PA. CONS. STAT. 18
§ 2501(a), and Possession of an Instrument of Crime with Intent to Employ it
Criminally, PA. CONS. STAT. 18 § 907(a), from an offense dated September 8,
2015.  On June 19, 2017, trial was continued to September 11, 2017.  Thus, at this
time, Boyer is awaiting trial.

evidence against him. Boyer further alleged that if Ferrari had completed an adequate investigation of all suspects in the case, Ferrari would have known the evidence against him was insufficient and the case against him may have never happened. Boyer contended that Gautsch's and Ferrari's conduct violated the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

In accordance with 28 U.S.C. § 1915A, we screened Boyer's initial complaint and determined that it failed to state a claim against the defendants. Specifically, we concluded that Boyer failed to allege how the defendants deprived him of his constitutional rights and also failed to bring an adequate fabrication-of-evidence claim. We also recognized that Boyer's claims against the HPD would not stand because Boyer did not allege facts from which it could reasonably be inferred that a policy, custom, or practice resulted in a violation of his constitutional rights.

### B. Boyer's Amended Complaint.

Boyer names the HPD, Gautsch, and Ferrari as defendants in his amended complaint. Boyer alleges that his confession[2] was not made knowingly given that he was incapable of understanding the *Miranda* warnings at the time he was interrogated. He alleges that both the HPD and the courts were aware that he

---

[2] Boyer does not specify to what he confessed.

suffers from mental illness, including bipolar manic depression, post-traumatic stress disorder ("PTSD"), borderline split personality disorder, and attention-deficit/hyperactivity disorder ("ADHD"). Boyer states that on the date of his interview for background information, the police knew he was suffering from mental illness. Thus, Boyer claims that the defendants violated his Fifth Amendment right against self-incrimination.

During his interrogation, Boyer states that Gautsch and Ferrari manipulated him by giving him cigarettes, coffee, and water, but they did not provide him with anything to eat. Boyer claims this was an Eighth Amendment violation. Further, Boyer claims that Gautsch and Ferrari defamed his character by saying that "the deceased was [Boyer's] faggot ass boyfriend." *Doc. 10* at 2.

Boyer alleges that on the date of interrogation, he was taking several prescribed medicines including Seroquel and Celexa for anger, depression, and to stabilize his mood.[3] He states that a side effect of Seroquel is sleepiness.[4] Boyer alleges that while being interrogated, he repeatedly asked for a lawyer, but the questioning continued and he was denied a lawyer. He states that this happened

_____

[3] Boyer explains that he had been to several hospitals throughout his life, leading to different mental health programs, diagnoses, and medications. From 2008 to 2012, Boyer attempted to commit suicide four times.

[4] Boyer does not state whether he was suffering from this side effect on the date of questioning.

before he gave his recorded statement. Boyer claims that this was a violation of his Sixth Amendment right to counsel.

Boyer alleges that Gautsch and Ferrari failed to follow "obvious and apparent leads which implicated other individuals" and that they used "questionable forensic conclusions" to prosecute him. *Doc. 10* at 3. He contends that his prosecution was completed without regard to the warning signs that the end result was unjust and not supported by the facts of the investigation. Boyer further alleges that Ferrari failed to investigate the evidence against other individuals, and if Ferrari would have completed an adequate investigation of all suspects in the case, Ferrari would have known that the evidence against him was insufficient and the case against him may have never happened. In support of this claim, Boyer states that William Knight's statement[5] gives a description of a black male; police failed to check out his alibi; police failed to check out his phone records; there are two types of blood on the inside of the decedent's house, one being the deceased and the other being unknown; and there is no physical evidence that he committed the crime.

Boyer requests that the HPD, Gautsch, and Ferrari drop the charges against him, adequately review all evidence, and charge the right person. Boyer also requests $450,000.00 for cruel and unusual punishment due to the mental and

---

[5] Boyer does not explain the significance of William Knight or his statement.

emotional distress he experienced.  Boyer also wants the Court to know that he is an innocent man.

## III. Discussion.

### A. Screening of *In Forma Pauperis* Complaints: Standard of Review.

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials.  Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint:
>> **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure,

which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902,

906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se*

complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Amended Complaint Fails to State a Claim Upon Which Relief May Be Granted.

#### 1. Fifth Amendment Claim.

Boyer claims that his confession was not made knowingly because he was incapable of understanding of the *Miranda* warnings at the time he was interrogated. Boyer alleges that Gautsch and Ferrari violated his Fifth Amendment right by interrogating him knowing that he suffered from mental illnesses.

The self-incrimination clause of the Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. A Fifth Amendment violation of the constitutional right to be free from self-incrimination occurs only when one is compelled to be a witness against himself in a criminal case. *See Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (holding that a police sergeant's coercive questioning of defendant did not violate the Fifth Amendment absent the use of defendant's statements in a criminal case against him); *Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003) (finding that a custodial interrogation not preceded by *Miranda* warnings did not violate arrestee's Fifth Amendment right against self-

incrimination because her statements were not used at trial). As Boyer is awaiting trial, he has not yet been compelled to be a witness against himself. In this regard, a violation has not occurred.

To the extent that Boyer is claiming that his confession was coerced, courts will determine "whether the confession was 'free and voluntary; that is, (it) must not be extracted by any sorts of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.'" *Malloy v. Hogan*, 378 U.S. 1, 7 (1964) ("In other words the person must not have been compelled to incriminate himself."). Here, Boyer alleges only that Gautsch and Ferrari knew he suffered from mental illnesses when he was questioned. Boyer states that he was read his *Miranda* rights before the interrogation commenced, but does not provide any additional facts surrounding the interrogation to support his claim that his confession was coerced. Thus, Boyer's right to be free from self-incrimination has not been violated.

Further, although Boyer does not state that his due process rights have been violated by the alleged police coercion, a coerced confession may also deny a defendant due process of law. *Halsey v. Pfeiffer*, 750 F.3d 272, 303 (3d Cir. 2014). In this regard, Courts look at the totality of the circumstances including whether the police used special tactics to elicit a confession, the details of the interrogation, the characteristics of the accused like age, educational experience, and intelligence

level, the lack of communication regarding the accused's constitutional rights, the length of detention and the nature of questioning, and the use of physical punishment like deprivations of food and sleep. *Id.* at 303 (citing *Miller v. Fenton* 796 F.2d 598, 603-04 (3d Cir. 1986)). While this list is not exhaustive, these factors assist the court in answering the ultimate question of "whether the defendant's will was overborne when he confessed." *Id.* at 304 (citing *Miller*, 796 F.2d at 604). Again, Boyer alleges only that that Gautsch and Ferrari knew he suffered from mental illnesses when he was questioned. Although Boyer states his own personal characteristics, that he was given his *Miranda* warnings, and that he was deprived of food, it is unclear from the amended complaint whether Gautsch and Ferrari used special tactics to elicit a confession from Boyer, the details of the interrogation, and the length of detention and the nature of questioning. Thus, the amended complaint does not sufficiently allege coercion to make out a due process claim.

### 2. Sixth Amendment Claim.

Boyer alleges that while on medications and during the interrogation, he requested a lawyer many times. He claims that Gautsch and Ferrari repeatedly denied his requests and continued talking to him. Boyer alleges that this took place

before his statement was recorded and was violative of his Sixth Amendment right to counsel.

The Sixth Amendment provides a criminal defendant with "the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment is offense specific and "cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). A prosecution is initiated against an individual through a "formal charge, preliminary hearing, indictment, information, or arraignment." *Kot v. Stolle*, Nos. 91-3509, 92-5120, 1993 WL 293887, at *3 (E.D. Pa. Aug. 2, 1993) (finding that plaintiff did not allege an adequate Sixth Amendment right to counsel violation pursuant to 42 U.S.C. § 1983 when he claimed that he was denied his right to counsel during an interrogation before formal charging).

Although Boyer alleges that he invoked his right to counsel, he does not specify whether this interrogation took place before he was charged with the crime about which he was being questioned. Therefore, because the time at which Boyer invoked his right to counsel is unclear, the amended complaint fails to state a Sixth Amendment claim upon which relief can be granted.

### 3. Boyer's Eighth Amendment Claims.

Boyer argues that Gautsch's and Ferrari's failure to provide him with food during the interrogation constituted cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishments after sentence and conviction. *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989); *see also Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("An examination of the history of the Amendment and the decisions of this Court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes"). When, however, a person alleges cruel and unusual punishment before being convicted and sentenced for a crime, the Fourteenth Amendment's Due Process Clause applies. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) ("For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilty in accordance with due process of law.").

Here, the Eighth Amendment is inapplicable because Boyer was not convicted of a crime when he was questioned. Further, Boyer does not state whether he was charged with a crime when the alleged violations occurred or whether he was being held as a pretrial detainee. Thus, it is not clear whether the Fourteenth Amendment's protections would apply. *See Bell*, 441 U.S. at 599 n.16 (explaining that the Fourteenth Amendment's protection from punishment applies

to pretrial detainees). Regardless of whether the alleged violations took place after he was charged with a crime, Boyer does not allege the length of the interrogation or the length of the alleged deprivation, how long it had been since he had last eaten, and whether he asked Gautsch and Ferrari for something to eat. Therefore, Boyer fails to state a claim upon which relief can be granted.

### 4. Boyer's Fabrication of Evidence Claim.

Boyer alleges that Gautsch and Ferrari used "questionable forensic conclusions" to prosecute him and that the prosecution was not supported by the facts of the investigation. To the extent that Boyer claims that Gautsch and Ferrari fabricated evidence to be used against him, the Third Circuit has determined that the fabrication of evidence serves as its own claim under § 1983 based on the Fourteenth Amendment. *Black v. Montgomery Co.*, 835 F.3d 358, 370 (3d Cir. 2016). A fabrication claim results from the prosecution's use of fabricated evidence at trial. *Wright v. City of Philadelphia*, No. 16-5020, 2017 WL 167970, at *6 (E.D. Pa. 2017) (citing *Halsey*, 750 F.3d at 294). It can also result from the prosecution's use of fabricated evidence to charge a defendant. *Black*, 835 F.3d at 369. To bring such a claim, the plaintiff must show that there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted or would not have been criminally charged. *Id.* at 370. The

reasonable likelihood standard requires a plaintiff to draw a "meaningful connection" between the due process injury suffered and the use of fabricated evidence against him.  *Id.*

Here, the amended complaint does not establish a reasonable likelihood that without the evidence allegedly fabricated by Gautsch and Ferrari, Boyer would not have been criminally charged.  Notably, Boyer does not allege what evidence was fabricated by Gautsch and Ferrari.  We note, however, that a trial in Boyer's criminal case has not yet taken place; therefore we are not determining whether Boyer may have a fabrication-of-evidence claim based on the prosecution's evidence used a trial.  In the absence of any supporting facts or allegations, Boyer fails to state a fabrication-of-evidence claim upon which relief can be granted.

### 5. Boyer's Defamation Claim.

Boyer claims that Gautsch and Ferrari defamed his character during the interrogation.  In Pennsylvania, a plaintiff bringing suit for defamation has the burden of proving the defamatory character of the communication, its publication by the defendant, its application to the plaintiff, the understanding by the recipient of its defamatory meaning, the understanding by the recipient of it as intended to be applied to the plaintiff, special harm resulting to the plaintiff from its publication, and abuse of a conditionally privileged occasion.  42 PA. CONS. STAT. § 8343(a).  Here, while Boyer alleges that Gautsch and Ferrari defamed his

character by saying that "the deceased was [Boyer's] faggot ass boyfriend," demonstrating the communication's application to him, Boyer does not set forth further allegations to show the other state law elements.   The amended complaint, therefore, fails to allege a defamation claim upon which relief can be granted.

### 6. Boyer's Inadequate-Investigation Claim.

While Boyer alleges that Gautsch and Ferrari failed to complete an adequate investigation, courts do not recognize inadequate investigation as sufficient under § 1983, unless the allegation involves another recognized constitutional right. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").  *See also DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 195-97 (1989) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments do not provide citizens with a right to a police investigation).  Because Boyer does not claim that another recognized constitutional right is involved, this claim fails.

### 7. Boyer's Malicious Prosecution Claim.

Boyer alleges that his prosecution was completed without regard to the warning signs that the end result was unjust and not supported by the facts of

investigation. To the extent that Boyer is claiming that he was maliciously prosecuted, he has not alleged that the proceedings have terminated in his favor. "To prevail on a malicious prosecution claim under section 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. Philadelphia,* 582 F.3d 447, 461 (3d Cir. 2009).

While Boyer does not explicitly allege facts to meet these elements, at this point, the criminal proceedings have not ended in Boyer's favor. To satisfy the favorable-termination element, the criminal case must have been disposed of in a way that establishes Boyer's innocence. *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) ("[A] malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused."). Here, Boyer does not allege that the proceedings have been terminated in his favor. Further, as evinced by the criminal docket in Boyer's

case, he is awaiting trial.[6]  Thus, at this time, Boyer cannot assert a malicious prosecution claim.

### 8. Boyer's claim against the HPD.

The amended complaint also fails to state a claim against the HPD upon which relief may be granted.  In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that local governments are "persons" and are subject to suit under §1983.  Following *Monell*, courts have concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See, e.g.*, *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, they have held that while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*  Similarly, judges within this district have concluded that a police department, such as the defendant here, is merely a sub-unit of the local government and is not, itself, amenable to suit under § 1983. *See, e.g.*, *Terrell v. City of Harrisburg Police Dept.,* 549 F.Supp.2d 671, 686 (M.D. Pa. 2008) (Conner, J.) ("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); *Holland v. Pocono Regional Police* Department, 3:13-CV-1406, 2013 WL

---

[6] *See Commonwealth v. Boyer*, No. CP-22-CR-0003791-2016, available through the Pennsylvania's Unified Judicial System of Pennsylvania web portal at http://ujsportal.pacourts (last visited July 5, 2017).

3973080, at *13 (M.D.Pa. July 31, 2013) (Carlson, M.J.) (report and recommendation citing cases holding that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action), report and recommendation adopted, 2013 WL 3973080 at *1 (Mariani, J.); *Golya v. Golya* No. 3:05-CV-0100, 2007 WL 2301085, at *9 (M.D. Pa. Aug. 9, 2007) (Vanaskie, J.).  Further, although we are not aware of a precedential opinion by the Third Circuit on this point, in a non-precedential opinion, the Third Circuit reached the same conclusion. *See Martin v. Red Lion Police Dept.*, 146 Fed. App'x. 558, 562 n. 3 (3d Cir. 2005) (per curiam).  Following this authority, the HPD is not a proper defendant in this case.

To the extent that Boyer intended to name the City of Harrisburg itself as a defendant, the amended complaint nevertheless fails to state a claim upon which relief may be granted.  A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*.  *Monell*, 436 U.S. at 691.  To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality.  *Id.* at 694; *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir. 2000).  Since Boyer has failed to allege facts from which it can reasonably be inferred that a policy, custom, or practice resulted in a violation of his

constitutional rights, the amended complaint fails to state a claim upon which relief may be granted.

**C. Leave to Amend.**

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provision of 28 U.S.C. § 1915(A), the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Given that Boyer was already granted leave to amend once before and given that Boyer's amended complaint failed to correct the deficiencies present in his initial complaint, we believe that granting Boyer further leave to amend would be futile.

**IV. Recommendation.**

Accordingly, for the foregoing reasons, **WE RECOMMEND** that Boyer's amended complaint be dismissed for failure to state a claim upon which relief may be granted.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being

served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this 17th day of August, 2017.


*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge