# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS E. BOYER,** | : | CIVIL ACTION NO. 1:17-CV-656 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **HARRISBURG POLICE DEPARTMENT,** *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 4th day of October, 2017, upon consideration of the report (Doc. 11) of Chief Magistrate Judge Susan E. Schwab, issued following comprehensive review of the amended complaint (Doc. 10) of *pro se* plaintiff Thomas Earl Boyer ("Boyer") pursuant to 28 U.S.C. § 1915(e)(2)(B), wherein Judge Schwab recommends that the court dismiss Boyer's amended complaint for failure to state a claim for which relief may be granted, and further recommends that leave to amend be denied in view of Boyer's failure to cure the deficiencies previously identified in his pleading, (see Doc. 7), and it appearing that Boyer has not objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d t 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc.,

702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following independent review of the record, the court being in full agreement with Judge Schwab's recommendation, to wit: that Boyer's complaint fails to state any claim for which relief may be granted, and that leave to amend would be futile in view of Boyer's earlier failure to cure deficiencies in his pleading, (Doc. 11 at 9-20), and the court observing further that Boyer's claims stem from an ongoing state court prosecution in which Boyer is charged but not convicted, see Commonwealth v. Boyer, No. CP-22-CR-0003791-2016 (Pa. Ct. Com. Pl. 2016),[1] such that many of his constitutional claims are precluded by the favorable termination rule announced by the Supreme Court of the United States in Heck v. Humphrey, 512 U.S. 477 (1944), see, e.g., Golson v. Harold, No. 1:17-CV-593, 2017 WL 3601949, at *2-3 (M.D. Pa. Aug. 22, 2017) (Rambo, J.); Bey v. United States, No. 4:17-CV-141, 2017 WL 497582, at *2-3 (M.D. Pa. Feb. 7, 2017) (Brann, J.), and the court thus concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

---

[1] We take judicial notice of the docket of public proceedings in the Court of Common Pleas of Dauphin County. See FED. R. EVID. 201(b)(2). Boyer's trial date is set for December 4, 2017. See Commonwealth v. Boyer, No. CP-22-CR-0003791-2016 (Pa. Ct. Com. Pl. 2016).

2

1. The report (Doc. 11) of Magistrate Judge Schwab is ADOPTED.

2. Boyer's amended complaint (Doc. 10) is DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania